UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:22-CV-00021-EBA

BILLY ARTRIP,                                                                                          PLAINTIFF,

V.                    **MEMORANDUM OPINION & ORDER**

KILOLO KIJIKAZI,
*Acting Commissioner of Social Security*,                                          DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

### INTRODUCTION

Plaintiff Billy Artrip appeals the Acting Social Security Commissioner's denial of his application for disability insurance benefits. [R. 1]. Artrip alleges that the Administrative Law Judge incorrectly assessed his residual functional capacity[1] for three reasons: (1) by failing to consider whether Artrip's obesity and hypertension limited his ability to work; (2) finding, without substantial evidence, that Artrip can conduct limited work; and (3) improperly evaluating Artrip's symptoms and making a finding unsupported by substantial evidence. [R. 12]. Artrip and the Acting Commissioner filed cross-motions for summary judgment. [R. 12; R. 14]. Artrip responded to the Acting Commissioner's motion. [R. 15]. The Acting Commissioner did not file a response to Artrip's motion or a reply to his response, and the time to do so expired. So, this matter is ripe for review. The Court will deny Artrip's motion and grant the Acting Commissioner's motion for the reasons below.

---

[1] Residual functional capacity "is the most an adult can do despite his or her limitation(s)." 84 Fed. Reg. 22,924, 22,925 (May 20, 2019).

**FACTS AND PROCEDURAL HISTORY**

Billy Artrip is an experienced truck driver and loader operator. [R. 6-1 at pgs. 51–52]. Unfortunately, Artrip is also obese and suffers from osteoarthritis and hypertension. [*Id.* at pg. 25]. As one might expect, these health conditions cause Artrip real pain. *See* [*Id.*] (finding that Artrip's impairments are "severe"). One day in 2014, Artrip decided that enough was enough. He suffered what he perceived to be too much pain, so he ceased to work. [*Id.* at 183]. Six years later, Artrip filed a protective Title II application for disability insurance benefits. [*Id.* at 187–89]. At first, he alleged disability starting in April 2014. [*Id.* at 187]. Later, however, he amended the onset of his disability to March 6, 2018. [*Id.* at 205]. Artrip's date last insured was December 31, 2019.[2] [*Id.* at 22]. He was 52 years old at that time. [*Id.* at 29].

The Administrative Law Judge denied Artrip's application for disability insurance benefits and denied his application for a second time on reconsideration.[3] [*Id.* at pg. 22]. So, Artrip requested a hearing before the Administrative Law Judge. [*Id.*]. After the hearing, the Administrative Law Judge found that Artrip is not disabled within the meaning of Title II.[4] [*Id.* at pg. 30]. Artrip requested review by the Social Security Administration's Appeals Council, but to no avail. [*Id.* at 8–10]. Because the Appeals Council declined review, the Administrative Law Judge's decision became the Acting Commissioner of Social Security's final decision, which is subject to judicial review. *See* 42 U.S.C. § 405(g).

Now, Artrip seeks judicial review of the Administrative Law Judge's decision. [R. 1]. He raises three issues in his appeal. *First*, Artrip argues that the Administrative Law Judge "failed to

---

[2] "The date last insured . . . is the last day of the quarter a claimant[] meets insured status for disability or blindness. For title II Disability Insurance Benefit . . . claims, adjudicators cannot establish onset after the DLI." POMS DI 225501.320 *Date Last Insured (DLI and the Established Onset Date (EOD))*, available at https://secure.ssa.gov/poms.nsf/lnx/0425501320.
[3] Specifically, Artrip's Title II application for disability insurance benefits was denied on April 27, 2020, and upon reconsideration on May 13, 2020. [R. 6-1 at pg. 22].
[4] Artrip did not benefit from an in-person hearing due to the COVID-19 pandemic. [R. 6-1 at pg. 22].

properly evaluate the substantial evidence of [his] functional limitations due to hypertension and morbid obesity." [R. 12-1 at pg. 1]. *Second*, Artrip asserts that the Administrative Law Judge's residual functional capacity determination of his capability to work "is not supported by substantial evidence." [*Id.*]. *And third*, Artrip claims that the Administrative Law Judge's symptom evaluation is supported by "[n]o substantive evidence . . . under SSR 16-3p." [*Id.* at pg. 2].

## STANDARD OF REVIEW

A court reviewing the Social Security Commissioner's conclusions must affirm unless it determines that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Hum. Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (quoting *Brainard v. Sec'y of Health & Hum. Servs.*, 889 F.2d 679, 681 (6th Cir. 1989)); *Sias v. Sec'y of Health & Hum. Servs.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988). So, the Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing U.S.C. § 405(g)). It is important to note that where, as here, the Appeals Council denies review of an Administrative Law Judge's decision, that decision becomes the final decision of the Commissioner. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010).

A reviewing court owes the Commissioner great deference.[5] In conducting its review, a court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of

---

[5] Granting administrative agencies great deference is not uncommon. Harvard Law School's Professor Adrian Vermeule, a renowned administrative law scholar, provides insight into why that is the case: "Precisely because agency action often takes the form of determination of general statutory principles, agencies are often in the position of architects carrying out a commission whose broad goals have been set by Congress. Judges should thus afford

credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Consequently, an administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *See Ulman*, 693 F.3d at 714 (quoting *Bass*, 499 F.3d at 509). In other words, even if the Court would have resolved the factual issues differently, the ALJ's decision must stand if supported by substantial evidence. *Id.*; *See also Tyra v. Sec'y of Health and Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990). That said, a reviewing court may consider evidence not referenced by the Administrative Law Judge. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

## ANALYSIS

In his appeal, Artrip requests this Court review whether the Administrative Law Judge properly: (1) evaluated Artrip's functional limitations in light of his obesity and hypertension as required by SSR 19-2p; (2) supported her determination of Artrip's residual functional capacity with substantial evidence; and (3) evaluated and considered Artrip's symptoms in accord with SSR 16-3p. All three requests concern the Administrative Law Judge's determination of Artrip's residual functional capacity, but two of the three challenge the Administrative Law Judge's application of binding authority: SSR 19-2p and SSR 16-3p.

The Acting Commissioner of Social Security, on the other hand, argues that Artrip's appeal amounts to nothing more than "a request that the Court look at the same evidence as the [Administrative Law Judge] and come to a different conclusion." [R. 14 at pg. 6]. So, she concludes Artrip's appeal "should be rejected on substantial evidence review." [*Id.*]; *see* [*id.* at pg. 1] (arguing that Artrip's "arguments amount to a request that the Court *reweigh* the

---

agencies leeway to carry out the task of the architect." ADRIAN VERMEULE, COMMON GOOD CONSTITUTIONALISM 152 (2022). However, because granting great deference is the norm, "courts doing administrative law always have to consider not only the content of the law, but the question of the institutional allocation of primary authority to determine that content." *Id.* at 150, n.399.

evidence, which it should not do on substantial evidence review") (emphasis added). The Acting Commissioner is correct that the Administrative Law Judge's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)) (internal quotation marks omitted). Artrip does not dispute that. [R. 15 at pg. 2–3]. Instead, Artrip argues that the Administrative Law Judge failed to (1) apply certain binding authority when assessing his residual functional capacity, and (2) support her factual findings with substantial evidence. [*Id.*].

Administrative Law Judges are tasked with conducting a five-step analysis to determine whether a person is disabled within the meaning of Title II. 20 C.F.R. § 404.1520(4). The five steps are:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

*Id.*

Generally, the burden of proof rests with the person claiming benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). However, if the Administrative Law Judge reaches the fifth step of the analysis, the burden shifts to the Commissioner to demonstrate that jobs exist within the national economy that can align with the claimant's residual functional capacity, age, education, and past work experience. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). Artrip takes issue with the Administrative Law Judge's findings on steps four and five of the analysis. Now, the Court will consider Artrip's challenges to the Administrative Law Judge's application of binding regulatory authority.

**A**

Administrative Law Judges must "follow agency rules and regulations." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). That is non-negotiable, nor is it disputed by the Acting Commissioner. With this premise in mind, Artrip points to SSR 19-2p for the proposition that the Administrative Law Judge deficiently considered his obesity and hypertension in the residual functional capacity analysis.

SSR 19-2p regulates "how [the Social Security Administration] establish[es] that a person has [a medically determinable impairment] of obesity, and how [it] evaluate[s] obesity in disability claims." 84 Fed. Reg. 22,924, 22,924 (May 20, 2019). SSR 19-2b is particularly instructive because it addresses how obesity should be considered when an Administrative Law Judge assesses a claimant's residual functional capacity. *See id.* at 22,925–26. Specifically, it directs Administrative Law Judges to "consider the limiting effects of obesity when assessing a person's [residual functional capacity]" and to "explain how [they] reached [their] conclusion on whether obesity causes any limitations." *Id.* at 22,925. Administrative Law Judges are tasked with doing so "to show the effect obesity has upon the person's ability to perform routine movement and

necessary physical activity within the work environment." *Id.* Critically, SSR 19-2b requires Administrative Law Judges to consider the "combined effects of obesity and [other] impairment(s)" in their residual functional capacity determinations.[6] *Id.* at 22,926. In fact, SSR 19-2b's demand to "consider the claimant's obesity, in combination with other impairments," extends to "all stages of the sequential evaluation." *Nejat v. Comm'r of Soc. Sec.*, 359 Fed.Appx. 574, 577 (6th Cir. 2009). However, the Administrative Law Judge need not "use any particular mode of analysis in assessing the effect of obesity." *Shilo v. Comm'r of Soc. Sec.*, 600 F. App'x 956, 959 (quoting *Bledsoe v. Barnhart*, 165 F. App'x 408, 411–12 (6th Cir. 2006)).

Artrip argues that the Administrative Law judge did not properly consider his obesity, alone or in combination with his other impairments. [R.12-1 at pgs. 8–11]. But the Administrative Law Judge did address Artrip's obesity:

> The [Administrative Law Judge] has, pursuant to SSR 19-2p, also considered the claimant's obesity in evaluating all of the claimant's impairments. Although the claimant's obesity could lead to increased symptoms and pain from other impairments, the [Administrative Law Judge] finds it has not caused such severe, debilitating symptoms as to prevent the claimant from the performance of activities of daily living. The claimant is 75 inches tall and his weight ranges from 290 to 340 pounds, with a BMI ranging from 36.25 up to 43.01.

[R. 6-1 at pg. 25].

The Sixth Circuit Court of Appeals previously considered what constitutes a "meaningful analysis" of a claimant's obesity "at all steps of the disability inquiry[.]" *Shilo*, 600 F. App'x at 958. There, the Sixth Circuit determined that an Administrative Law Judge failed to consider a claimant's "extreme obesity and its effects on his multiple ailments in a way that comports with

---

[6] Artrip directs the Court to SSR 02-1p for the same proposition. [R. 12-1 at pgs. 9–10]. However, that ruling was superseded by SSR 19-2b. 84 Fed. Reg. at 22,924 (noting that "[t]his Social Security Ruling . . . rescinds and replaces SSR 02-1p"). But Artrip's argument still holds because SSR 19-2b retained SSR 02-1p's directive for Administrative Law Judges to consider the combined effects of obesity and other impairments in residual functional capacity determinations. No harm, no foul.

SSR 02-1p's guidance."[7] *Id.* at 962. When assessing the claimant's residual functional capacity, the *Shilo* Administrative Law Judge's discussion of obesity was sparse. In fact, the *Shilo* Administrative Law Judge's comments regarding the claimant's obesity were limited to the following: "the observation that [claimant] weighed 436 pounds in October 2008; listing 'obesity' as the second of [claimant's] 'severe impairments'; and the bare statement that '[claimant's] obesity has been considered in combination with the back condition." *Id.* Such undeveloped findings troubled the Sixth Circuit. Specifically, the Sixth Circuit took issue with the Administrative Law Judge's failure to "appropriately consider obesity-related evidence in the medical records or [claimant's] account of the limiting nature of his extreme obesity as it relates to problems with his legs, feet, and back."[8] *Id.*; *see Johnson v. Comm'r Soc. Sec.*, 652 F.3d 646, 652 (6th Cir. 2011) (holding that Administrative Law Judges should not focus on a claimant's ability to perform certain activities to discount the opinion of a treating physician when the claimant's testimony and other record evidence contradict the finding).

This case is not like *Shilo*, where the Administrative Law Judge "use[d] [the claimant's] inability to lose weight against him[.]" *Id.* at 964. The Administrative Law Judge acknowledged that Artrip has an obesity diagnosis and considered it alongside his hypertension and osteoporosis. Nor is this case like *Norman v. Astrue*, where an Administrative Law Judge "discounted or discredited [the claimant's] back pain allegations because he is obese, rather than evaluate whether his obesity exacerbates his back problems." *Hoag v. Saul*, 2019 WL 7040607, at *9 (N.D. Ohio

---

[7] Although SSR 02-1p was rescinded by SSR 19-2b, the Sixth Circuit's logic still holds as SSR 19-2b retained SSR 02-1p's directive to Administrative Law Judges to consider the effect of obesity at all five steps of the disability analysis. *See*, *supra*, note 5.

[8] "For example, the [Administrative Law Judge] found no evidence of an 'inability to ambulate effectively,' despite objective medical evidence that [claimant's] back, legs and feet are compromised by spinal stenosis, degeneration in the bones and joints, bone spurs, and swelling as documented by an MRI and x-rays and corroborated by frequent and consistent consultations with Dr. Aggarwal, specialists, and staff at hospitals." *Shilo*, 600 F. App'x at 962 (internal citations omitted).

Sept. 27, 2019) (discussing and quoting *Norman v. Astrue*, 694 F.Supp.2d 738, 741–42 (N.D. Ohio 2010)), *report and recommendation adopted*, *Hoag v. Comm'r Soc. Sec.*, 2019 WL 7037399 (N.D. Ohio Dec. 20, 2019). Here, the Administrative Law Judge did not discredit or discount Artrip's other impairments because of his obesity. Rather, she found that the record contains no objective medical evidence that would support any functional limitations due to Artrip's obesity. [R. 6-1 at pg. 25] (finding that Artrip's obesity "has not caused such severe, debilitating symptoms as to prevent [Atrip] from the performance of activities of daily living").

The Court is obliged to review the record to determine whether the Administrative Law Judge applied the correct legal standard. *Heck v. Comm'r of Soc. Sec.*, 2021 WL 6693720, at *8 (N.D. Ohio Dec. 28, 2021) (noting that "a reviewing court must affirm the Commissioner's conclusions unless it determines that the Commissioner has failed to apply the correct legal standards"). Here, the Administrative Law Judge correctly applied SSR 19-2b. So, remand is unwarranted on that ground.

**B**

Now, having found that the Administrative Law Judge correctly applied SSR 19-2b, the Court will review whether her findings are supported by substantial evidence.

Artrip argues that the Administrative Law Judge's residual functional capacity determination is not supported by substantial evidence. However, Artrip "identifies no inconsistency between the [residual functional capacity] for a limited range of light work and [various] diagnoses, nor does he explain how the diagnoses translate to any specific functional limitations that are inconsistent with the [residual functional capacity]." *Terwilliger v. Comm'r Soc. Sec.*, 801 F. App'x 614, 622 (10th Cir. 2020). The nearest Atrip comes to doing so is by highlighting that the Administrative Law Judge discounted the medical testimony of Dr. P. Sarenga

and Dr. Timothy Gregg. [R. 12-1 at pgs. 11] (asserting that the Administrative Law Judge "discount[ed] the opinions of the non-examining state agency medical consultants, finding them 'not persuasive, because they are not consistent with the objective evidence of ongoing care, and not supported by the claimant's arthritis treatment history'"). While he is correct that the Administrative Law Judge discounted those expert opinions, that is immaterial here because both doctors opined that Artrip could perform *more* work than the Administrative Law Judge found.[9] *Compare* [R. 6-1 at pgs. 29–30] (finding that Artrip can stand and walk for **four** hours in an eight-hours workday), *with* [*id.* at 62–64] (opining that Artrip can stand and walk for **six** hours in an eight-hour workday) *and* [*id.* at 76–79] (same).

Also, Artrip asserts that the Administrative Law Judge "ignore[d] the substantial evidence of record from treating providers and substitute[d] her own medical conclusions for that of medical experts in the record." [R. 12-1 at pg. 11]. To drive the point home, Artrip concludes that "[s]he isn't qualified." [*Id.*]. Certainly, an Administrative Law judge "may not substitute [her] own medical judgment for that of the treating physician where the opinion of the treating physician is supported by medical evidence." *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Meece v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006)) (internal quotation

---

[9] When considering the medical opinions of non-examining State medical consultants Dr. P. Saranga and Dr. Timothy Gregg, the Administrative Law Judge noted as follows:

> Non-examining State Agency medical consultants, P. Saranga, M.D., on April 26, 2020, and Timothy Gregg, M.D., on May 10, 2020, determined the claimant has severe dysfunction of major joints and essential hypertension during the relevant period. They provided opinions that the claimant could perform light work as defined in the regulations. Furthermore, they opined the claimant could frequently climb ladders, ropes, or scaffolds and would have an unlimited ability to climb ramps and stairs. He could frequently stoop, crouch and crawl. He would have limitations for reaching overhead with the left upper extremity. He should avoid extreme cold, humidity, and vibration. Treatment records showed arthritis in both shoulders and left knee, and he received steroid injections in both areas. Therefore, the [Administrative Law Judge] f[ound] these assessments are not persuasive because they are not consistent with the objective evidence of ongoing care, and not supported by the claimant's arthritis treatment history.

[R. 6-1 at pg. 28] (internal citations omitted).

marks omitted). Instead, the Administrative Law Judge "is required to consider" the "quality" of medical expert opinions, "and, thus, should consider the qualifications of the experts, the opinions' reasoning, their reliance on objectively determinable symptoms and established science, their detail of analysis, and their freedom from irrelevant distractions and prejudices." *Id.* at 194. (quoting *Underwood v. Elkay Mining, Inc.*, 105 F.3d 946, 951 (4th Cir. 1997)) (internal quotation marks omitted). By no means, however, is an Administrative Law Judge "bound to accept the opinion or theory of any medical expert, but may weigh the evidence *and draw [her] own inferences.*" *McCain v. Dir, OWCP*, 58 F. App'x 184, 193 (6th Cir. 2003) (emphasis added). So, contrary to Artrip's assertion, the Administrative Law Judge *is* qualified to draw her own inferences from medical opinions.

Here, the Administrative Law Judge pulled heavily from the objective medical evidence of treating providers when determining whether Artrip's impairments met or medically equaled the severity of one of the listed impairments in 20 CFR §§ 404.1520(d), 404.1525, or 404.1526. [R. 6-1 at pg. 25] (discussing x-rays, physical examinations, steroid injections, and exercise stress testing performed by treating providers). Notably, Artrip does not contest the Administrative Law Judge's finding that his impairments do not automatically make him disabled. *See* 20 CFR § 404.1509. Instead, Artrip argues that the Administrative Law Judge ignored treating provider evidence in assessing his residual functional capacity. But that is simply not true. The Administrative Law Judge *did* consider—and address—evidence from Artrip's treating providers. [R. 6-1 at pgs. 26–27] (noting that "[n]o surgery was recommended" and that "Dr. Patel advised [Artrip] that there is not much to be done for the arthritis except medications and injections"). In

fact, the Administrative Law Judge relied on the objective medical evidence of record a great deal when weighing Artrip's personal account of his symptoms:[10]

> [Artrip's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in record for the reasons explained in this decision.
>
> Treatment records showed the claimant with left knee pain and knee arthritis, and receiving steroid injections. Another report noted shoulder arthritis and he received steroid injections. Records from Kings' Daughters' Spine and Pain Center documented a secondary diagnosis of osteoarthritis of both shoulder and primary osteoarthritis of the left knee. X-ray of the left knee showed mild scattered degenerative changes without acute osseous abnormality. X-ray of the bilateral shoulders revealed degenerative changes without acute osseous abnormality. Musculoskeletal examination showed normal range of motion with edema present in both lower extremities. One examination found decreased range of motion of the left shoulder, while another examination showed limited range of passive and active motion of the left upper extremity, and yet another showed normal range of motion with no edema or tenderness. Another report documented diagnoses of left shoulder pain; moderate osteoarthritis of the AC joint; bursitis of the left shoulder; osteoarthritis of the knee; and spasms. Still physical examinations showed normal range of motion that was full and painless, with moderate tenderness to palpation of the lower extremities. Subsequent to shoulder injection, treatment records showed significant improvement.
>
> Treatment records noted [Artrip] with a diagnosis of hypertension. Treatment records reported [he] was not checking his blood pressure although he had a cuff. Medications taken for hypertension included HCTZ, Losartan and Amlodipine. His blood pressure ranged from 120 to 152 systolic and 78 to 101 diastolic. He was instructed to keep a log of blood pressure readings and to take his blood pressure two to three times per day. Exercise stress testing in 2014 was normal.
>
> . . .
>
> Although he has received injections into the bilateral shoulder and right knee, no surgery was recommended.

[R. 6-1 at pg. 27] (internal citations omitted).

Moreover, Artrip's argument the Administrative Law Judge ignored medical evidence from *treating providers* is undercut by the fact that she found the medical opinions of *non-treating*

---

[10] Artrip contests the Administrative Law Judge's application of SSR 16-3p, which controls symptom evaluation in Title II disability actions like this one. That argument is addressed next. *Infra*, Sec. C.

*providers* "not persuasive because they are not consistent with the objective evidence of ongoing care, and not supported by the claimant's arthritis treatment history." [R. 6-1 at pg. 28]. This point bears repeating: *the Administrative Law Judge recognized and relied on medical evidence by treating providers so much that she discounted the opinion of non-treating providers*. So, it is impossible for Artrip to prevail on his argument that the Administrative Law Judge "ignore[d] the substantial evidence of record from treating providers and substitute[d] her own medical conclusions for that of medical experts in the record." [R. 12-1 at pg. 11]. And to the extent that she did discount certain treating physician evidence, she did so after thorough review of the record to make sense of contradictory treating physician evidence. *See, e.g.*, [R. 6-1 at pg. 27] (noting that "[o]ne examination found decreased range of motion of the left shoulder, while another examination showed limited range of passive and active motion of the left upper extremity, and yet another showed normal range of motion with no edema or tenderness").

Critically, "there are no medical opinions or other objective evidence of record indicating [Artrip] was more limited than the [Administrative Law Judge] found." [R. 14 at pg. 7]. Absent any other "specific functional limitation" there can be "no obvious impact on [Artrip's] residual functional capacity." *Terwilliger*, 801 F. App'x at 622. For these reasons, the Court finds that the Administrative Law Judge's determination of Artrip's residual functional capacity is supported by substantial evidence. Thus, remand is unjustified on this ground.

### C

Artrip is troubled not only by the Administrative Law Judge's application of SSR 19-2b, but also her application of SSR 16-3p, 82 Fed. Reg. 49,462 (Oct. 25, 2017). [R. 12-1 at pgs. 13–14]; [R. 15 at pg.7]. SSR 16-3p governs the evaluation of symptoms in Title II and Title XVI disability claims when determining whether a claimant can return to work. *Id.* at 49,462. A

two-step inquiry guides an Administrative Law Judge's evaluation of a claimant's symptoms. *Id.* at 49,463–64. First, she must determine whether an "underlying medically determinable physical or mental impairment . . . could reasonably be expected to produce an individual's symptoms, such as pain." *Id.* at 49,463. Second, the "intensity and persistence of those symptoms" are examined "to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." *Id.* During the second step, the Administrative Law Judge must "consider all the evidence presented," 20 C.F.R. § 404.1529(a), including information about [the claimant's] prior work record, [his] statements about [his] other symptoms, evidence submitted by [his] medical sources, and observations by . . . other persons[.]" *Id.* at § 404.1529(c)(3). Generally, a reviewing court may only disturb these findings for a "compelling reason." *Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 981 (6th Cir. 2011).

As a preliminary matter, the Court notes that the Administrative Law Judge found that Artrip's underlying impairments could, indeed, be reasonably expected to produce symptoms, like pain. [R. 6-1 at pg. 26] (finding that Artrip's "medically determinable impairments could reasonably be expected to have caused the alleged symptoms"). Neither Artrip nor the Acting Commissioner contest this finding, so the Administrative Law Judge's finding at step one of the two-step inquiry is not at issue. Only her finding at step-two is at issue. And, in effect, a challenge to a finding at step two challenges the sufficiency of the evidence relied on by the Administrative Law Judge.

An Administrative Law Judge's "findings based on credibility of the applicant are to be accorded great weight and deference, particularly since [she] is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir.

1997). Still, the Administrative Law Judge's "assessment of a claimant's credibility must be supported by substantial evidence." *Id.*

Here, the Administrative Law Judge's determination is undoubtedly supported by substantial evidence. As discussed in detail in the previous section, the Administrative Law Judge considered the objective medical evidence of record and the medical opinions of non-treating physicians in assessing Artrip's purported symptoms. *Supra*, Sec. B & note 9. The Administrative Law Judge also considered Artrip's personal account of his symptoms and the testimony of his girlfriend, Amy Johnson. [R. 6-1 at pgs. 26–28]. But, relying on the objective medical evidence of record provided by treating physicians, the Administrative Law Judge found Artrip's testimony about the "intensity, persistence, and limiting effects of his symptoms" to be "inconsistent." [*Id.* at pg. 27]. The Administrative Law Judge also found Johnson's account of Artrip's symptoms to be "not entirely consistent with" Artrip's "treatment for shoulder and knee pain." [*Id.* at pg. 28]. In fact, she relied exclusively on objective medical evidence when determining the credibility of Artrip and Johnson's statements and her findings are supported by substantial evidence in the record. [*Id.* at 26–28]. Remand is inappropriate on this ground.

## CONCLUSION

Billy Artrip appealed the Acting Commissioner's final decision finding that he can perform work at the light residual functional capacity level. Specifically, he challenged the Administrative Law Judge's application of SSR 19-2p and SSR 16-3p. However, the Administrative Law Judge applied both rulings properly. Also, Artrip argued that the Administrative Law Judge's findings were not supported by substantial evidence. But they are. Having sufficiently considered the matter,

IT IS ORDERED that Plaintiff Billy Artrip's motion for summary judgment, [R. 12], is DENIED. IT IS FURTHER ORDERED that Defendant Acting Commissioner's motion for summary judgment, [R. 14], is GRANTED. A separate judgment affirming the Acting Commissioner's final decision will follow.

Signed December 1, 2022.



Signed By:
*Edward B. Atkins* *EBA*
United States Magistrate Judge